1. WM. M. HASLETT, plaintiff in error, *vs.* WM. T. HARRIS, defendant in error.

2. THE NEW HIGH SHOALS MANUFACTURING COMPANY, plaintiff in error, *vs.* BURRELL B. DYKES, defendant in error.

A party on the first day of April, 1863, received a bill of sale conveying to him with warranty of title, a negro slave then residing in Georgia, and who had been for three months previous thereto, and in consideration thereof, gave a promissory note for $1,200, suit was brought on the note and a recovery had. *Held*, that the recovery was right. Cobb vs. Battle, 34 Ga. Rep., 483, in principle, covers this case.

1. By Judge WM. M. REESE. Elbert Superior Court. September Term, 1867.

2. By Judge HANSEL. Pulaski Superior Court. April Term, 1867.

1. On the first day of April, 1863, Harris sold to Haslett, a negro, gave him a bill of sale concluding " the soundness and title of said negro girl, I warrant and forever defend," and took in payment for her, Haslett's written obligation for twelve hundred dollars, payable "in good notes that will satisfy him," and due him one day after date.

Harris sued on this paper. Haslett plead the facts, that the girl was only worth $240, that the contract was within the scaling ordinance, &c. Upon this issue the case was tried, resulting in a verdict for plaintiff for $292.66, with interest and costs.

No complaint is made of this.

But Haslett also plead that, by virtue of the proclamation of the President of the United States, issued 1st January, 1863, said negro became free in Georgia, and was no longer subject matter for sale, that the obligation was solely in consideration of the negro as a slave, and therefore, the consideration had failed totally.

Upon demurrer filed to this plea, the Court sustained the

demurrer, and rejected the evidence offered under this plea. And these rulings are brought up for review.

AMOS T. AKERMAN, for plaintiff in error.

E. P. EDWARDS, R. TOOMBS, for defendant in error.

2. On the 24th April, 1865, Dykes promised as follows, in writing : " to deliver on their order to Messrs. Hotchkiss & Menally, at some depot on the Macon & Brunswick Railroad, (12,500) twelve thousand five hundred pounds ginned cotton, said cotton to be packed or baled in such style as will be received for transportation, and I agree to keep said cotton under shelter and protected from stock—all other risk being assumed by said Hotchkiss & Menally."

On the 29th August, 1865, Hotchkiss & Menally transferred (in writing signed by them) said obligation as follows : " The within obligation and all pertaining thereto, is hereby transferred to Isaac Powell, President New High Shoals Manufacturing Company." Upon this plaintiff in error sued Dykes.

The pleas were general issue and failure, or want of consideration in this, that the consideration for the promise, were certain negroes sold to Dykes as slaves, and warranted to be slaves, when in fact they were not slaves, but freemen.

At the trial, plaintiff read in evidence the obligation and transfer, proved a demand for the cotton, and refusal by Dykes to deliver it before action commenced and closed.

Defendant read in evidence the following bill of sale :

" I have this day bargained, sold and conveyed to B. B. Dykes, nine slaves, viz : (naming them and giving their sex and ages) all of which are sound in body and mind, and the title I will warrant and defend against the claim of my heirs, administrators, or any other claimant.

N. P. HOTCHKISS.

Signed this 24th day April, A. D., 1865, in presence of
 A. McGRIFF.
 W. W. HARDY.

Haslett *vs.* Harris.

Defendant then proved that the federal army reached Macon, Ga., on or about the 20th April, 1865, and Hawkinsville, (Pulaski county, Ga.,) early in May, 1865 ; that he (defendant) was at the date of the obligation, ignorant of the fact that the slaves had been manumitted by the proclamation of the President of the United States ; and that said slaves were the consideration for the obligation, and that it was agreed at the time that the negroes were to be warranted as slaves, and to be slaves ; that after said army reached Macon, these negroes were valueless, because they could not be controlled.

The Court charged the jury that if they "were satisfied that the title to the slaves was the consideration of the note, and that title was warranted, and the slaves were conveyed subsequent to the proclamation of the President, (Lincoln) made the first day of January, 1863, declaring them manumitted, and after the occupation of Macon by the federal army, the consideration of the note had failed." The verdict was for the defendant.

The charge of the Court is assigned as error.

THOS. H. DAWSON, SAMUEL HALL, for plaintiff in error.

GEO. W. JORDAN, for defendant in error.

WALKER, J.

1. In Cobb vs. Battle, 34 Ga. Rep., 483, this Court say : "the recognition by the Convention of Georgia in November, 1865, of the abolition of slavery, thenceforth swept away at a blow, all laws in reference to negroes as slaves ; their freedom began then." While this case may not be precisely in point, yet the principle is the same, and that decision must control this case.

Judgment affirmed.

2. The effect of the decision in the case of Haslett vs. Harris, must be to reverse the judgment of the Court in the case of the New High Shoals Manufacturing Company vs. Dykes

from Pulaski county.    We do not hold that negroes were freed in Georgia on the first of January, 1863.    Whether they were freed by the proclamation of that date, in connection with the surrender of the State, and the occupation of it by the federal army, we find it unnecessary now to decide.    We decide the cases as made, and leave future questions to be decided as they may arise.

Judgment reversed.